Our next case is number 182200, Veritas Technologies LLC v. Realtime Data LLC. Again, Mr. Nunes. Thank you, Your Honor. May it please the Court. It seems to me, Mr. Garza, your principal problem here is that your expert testified against you. So the expert testified to what he would specifically do if he had to implement this system and combine them at his skill level and actually do it. And that's not to test for obviousness. And that was done over objection because it's not to test for obviousness. The test for obviousness is based on the teachings themselves. And based on the teachings themselves, here, it is obvious. As this Court said in Allied Erecting, you have to look at those teachings, not whether you can physically combine it. And indeed, in Allied Erecting, it was even more complex because you had an immovable arm in the Caterpillar reference. And then the Ogawa reference had two movable arms. But they were somewhat incompatible, as the patentee said. And this Court said, no, that incompatibility aside, the teachings are clear. And the teachings here are clear. Could you alternatively do it where you have a data descriptor and you're lacking the data descriptor and then you stop? Yes. That's exactly what was said in the petition. Could you do it the way Dr. Kucera said if he was forced to actually build it, the way he was built it? Yes. That also is obvious. And if you did it the way Dr. Kucera said to build it, this way of incorporating the data type indicator into Module 205 of FRANACHECK, so it goes into 401, that block at the top of 4A, if you do it that way, you're still going to have the problem of unknown data types. Okay. Let me tell you how I see this. And you can tell me whether that's correct or not. That what you have here is a situation in which you've got FRANACHECK, which tells you to choose a compression algorithm based on data type, based on the descriptor. And that SU tells you to do more than look at the descriptor. It's a more complicated process that helps you to choose the right algorithm. And what the board is saying is we didn't have any testimony that if you combined SU with FRANACHECK, that you would stop with the category of compression algorithms or data where there's a descriptor. You would go beyond that and include all of the data, and you would not need a default algorithm. So the question is, is it appropriate to say, well, if you were to combine them, the best objective would be to completely wipe out the default, or is it also a proper, obvious analysis to say, we'll use SU to further refine the algorithm where we have a descriptor. Is that a fair description of what the issue is here? Yes, although I would disagree that there's no evidence that you do it, because what the evidence is that you'd stop a data descriptor is common sense. You'd stop a data descriptor because you're not going to waste time and potentially create an unknown data type. There's not testimony to that effect, right? Dr. Crusair did not specifically testify to that, no, Your Honor. Okay, so let's put that aside then. So it seems to me the question is, is it appropriate for the board to say, someone would have gone all the way and eliminated the default algorithm, or can you make a combination which stops where you have a descriptor? No, and for several reasons, Your Honor. The teachings of the prior art are clear that you should retain the default prong for unknown data types. That's clear in Franachek, that's exactly what Franachek teaches, and Sebastian teaches the same thing. So what the board did is flip the inquiry on its head. The prior art said keep the default algorithm. What I'd like you to do, let's just assume that the board is correct, that there's no testimony here that tells you to stop when you go beyond the descriptor situation. Let's assume that the board is correct about that. As a matter of law, was that defeat a finding of obviousness, or is it sufficient to find obviousness that you can make a combination that would only go so far as the descriptor? And that might not be the best solution, but it is a solution. It is a matter of law that this court can reverse and hold that and say that the board is wrong because the teachings are clear in the prior art. In KSR, the Supreme Court did not rely on the expert's testimony. It looked at the prior art and it said the test here is very clear. There they had four prior art references, and the Supreme Court followed a path from the initial one that said you needed a sensor down to where you put it on the pedal to where you put it not on the pedal foot, and then you put it on the immovable portion. That's the teachings in the prior art, and the teachings here are equally clear, testimony aside or not, because the only thing that's left here, even if you assume that what Dr. Crusair testified is the correct test, and we don't agree with that, but it's a correct test to look for that bodily incorporation, even if you assume that you're going to move past the data descriptor, you're still going to have the problem of unknown data types. So is it obvious, based on that teaching, that common sense principle that's already in the prior art? Is it obvious to say you should still retain that default compression safety net if you're moving past the data descriptor? And the answer to that is yes. You need a default safety net. No one of ordinary skill in the art would design it without the default safety net because Sebastian and Franticek taught you to do that, and one of ordinary skill in the art. I think in making that argument you're not accepting my hypothetical, that the board is right that someone seeking the best solution would eliminate the default by using SU beyond the situation in which there's a descriptor. Let's assume that that's correct, which is a finding of the board. I'm not sure that that defeats obviousness because there is still a motivation to do it, to use SU in respect to the descriptor situation, and the fact that it might have been better to go all the way, it seems under some of the cases is not sufficient to defeat obviousness. In other words, it's obvious if a combination would give you the result even though a better combination would not give you the result. Yes, Your Honor. I agree 100%. For example, in Allied Erecting, that was one of the arguments that the patentee made about the optimal combination, and this court rejected that. The optimal combination is not the only obvious combination because, again, the test is not what the one particular combination has to be. As the board said here repeatedly, for example, in Apex 29, it has to be that specific combination. There's only one that's going to be created. That's legal error. That's not the test. The test is whether the invention is within the grasp of an ordinary skilled artisan based on creativity, common sense, and skill in light of the teachings of the prior art. And here it is clear because even if you move past the data descriptor, even in that system, you would still have motivation based on common sense, and therefore it would be obvious to do it. Motivation to stop at the data descriptor number one. If you move past it, you still have the same problem identified in Sebastian and identified in Frantisek of unknown data types. Indeed, Dr. Zeger even admitted at Apex 4091 of the record that if you have data that's random, that's past what the table on 2176 of Sue, Apex 2176 of Sue shows, there's ten categories of data. What would you do with random data? And Dr. Zeger said, well, you could create a random data category. That's unknown data category. Even he admitted that when you have to actually sit down and deal with unknown data, you could modify Sue to have that type of default. And that's the same teaching that Frantisek and Sebastian have expressly. Frantisek and Sebastian expressly taught you're going to keep the default because you're never going to have all the known data types. In passing, a couple of minutes ago you mentioned bodily incorporation. Yes, Your Honor. Is it still your position that the board erroneously required bodily incorporation of Sue? Yes, Your Honor. For one specific reason, on Apex 29, they looked for that one particular combination of the prior art and how it would function together. And so they said it's incompatible. And as this Court recognized— But they required that you prove that a person of skill would have been motivated to combine Frantisek and Sue to satisfy the claim limitations. Yes, Your Honor. That's not the same thing. That's not the same thing, but what they did is they went a step further. And they said all the requirements, all the criticisms in active video that this Court said of Verizon's expert are prerequisites, that you have to show how one particular, as they put it, one specific particular combination would actually work. That's not the test for obviousness, as this Court has made clear time and time again. I'm not really following what you're saying. It seems to me what the board is saying is that if you combine Sue with Frantisek, you would have used Sue to such an extent that there would be no longer a need for a default algorithm. And your witness seemed to say, yes, that might be the best solution. But does a showing of obviousness require that when you make the combination that you go whole hog and achieve the best solution? Or is it sufficient that you could stop here with the descriptor category and achieve the patented invention? Yes, Your Honor, and this Court's case law says that. It doesn't have to be optimal. Even inferior alternatives, as this Court has said, inferior alternatives that are still obvious can validate. And that's exactly what we have here, assuming that paradigm. The inferior alternative potentially could be to stop a data descriptor. Is there a reason, a motivation to do that? Yes, the motivation is clear. It's common sense. You'd stop because you're not going to waste time finding something that you know is going to slow down the system. You're going to go there, and you're going to just use the data descriptor. But importantly, what the board ignored, what they said is you're going to incorporate Sue. If you recall the chart we have in our reply brief, what they said is you're going to incorporate Sue at both prongs of Frantisek. And that's not what Dr. Crusair was saying. He was saying you'd use it at 401. You'd incorporate data type into 205, and therefore you'd choose it better. He did not say you would incorporate it in toto, and therefore you do not need default. In his deposition testimony, he did not talk about the default wing because it's clear from the prior art that you still need it. What Dr. Crusair did talk about is how even in Sue, the Unix file system, you're still going to have unknown data types. So there's still a motivation at that point. These unknown data types to include a default compression, and that's obvious. Okay. You want to save your rebuttal time? Yes, unless there's a question. Thank you. Mr. Naruzi? Thank you, Your Honor. So I'm just wondering whether the board's approach here is consistent with our case. Assuming that it's correct that someone skilled in the art of combining Frantisek and Sue would say, well, the best solution here is to use Sue all the time, not just in the descriptor situation, and that would make it unnecessary to have a default algorithm. Whereas another solution, maybe not as optimal, but another solution would be to use Sue only in the descriptor situation and retain the default algorithm. And our cases seem to be pretty clear that in an obviousness situation that you don't have to take the combination all the way. If there's a motivation to replace part of the prior art, that's going to render it obvious, even though the optimal solution would be to go all the way. So comment on that. Yes, thank you, Your Honor. So I actually agree with everything you said, and I think it supports the board's decision. And the reason is the following. It's the part of your statement where you said, if there is a motivation to do the other approach that may not be the best, the optimal approach, and that's what's lacking here. So the board did not find – Well, there certainly is a motivation to use Sue to get a more detailed study of the data to choose the right algorithm, and I don't see that the real witness disagreed with that, right? Well, first of all, our witness did disagree, but he did say that, and this is the key point, that if you do use Sue to find a better understanding of what the data type is when Franachek only has a descriptor, then you certainly would keep using Sue to find out what the data type is if Franachek does not have a descriptor, because finding out what the data type is lets you get a better compression algorithm. So why would you not want to know what the data type is? Well, that all may be true, but that's the optimization theory, that if you make the combination, you have to choose the best solution rather than a good solution. No, Your Honor. It's not an optimization theory, respectfully. What's going on here is that the petitioner, now the appellant, had a very specific theory that you do use Sue when there is a data type, and then you don't use Sue when there's no data type. That's their theory, and that's what we're talking about, whether someone would be motivated to do both of those things. And the board said, well, you need to prove both things for your motivation to combine, not just the first one. Well, they said you need to stop, because there would be a motivation to make it better by using Sue in all situations. So I'm not sure that the case law supports the notion that there has to be a motivation to stop once you've applied Sue to the descriptor category. Your Honor, that's not the board statement. That's the board identifying correctly what the petitioner's combination theory was, and then telling the petitioner, well, that's your theory, you need to prove it.  The petitioner's theory is, and now the appellant's theory, that if you have a data type in Franticek, go ahead and use Sue to do further analysis to get a better idea of the data type. That already is a little bit odd, but let's put that aside. Then they have a further requirement in their theory, which is, but if Franticek doesn't know the data type at all, doesn't even have a descriptor, don't use Sue to figure out what the data type is. Don't touch Sue, right? Okay, well, that's your theory, you have to prove it, and the board said... Well, I don't know that you have to prove your whole theory. I mean, you're right, the board rejected the second part of that, and the board's finding in that respect seems to be supported by the record, that there wasn't any proof of a motivation to stop. But I guess what I'm asking you is, why do you have to have a motivation to stop? Why isn't it sufficient that you apply Sue to the descriptor category and that gives you something that's better and that's sufficient? I see. Your Honor, the reason that the petitioner applied it that way and the board required them to prove it and that there has to be a motivation to stop is because that's what the limitations of the claims require. It's the last limitation to claim that you're focusing on. That's right, Your Honor. So limitation 1F and 24F say that if you do not find any parameter attribute at all, then use this default encoder. And that if, that predicate if, is the key thing that they need to show is also obvious to me under the prior art. They can't show that lack of an identification of any parameter attribute if they don't stop using Sue because they themselves admit that Sue will always find a parameter attribute. And that's in the blue brief at page 17, I believe. And so Sue uses a statistical analysis approach. Statistics can't fail to find some information about a block of data. Redundancy methods and so forth. Every time you run it, you'll get an answer. And those are parameters or attributes. So if you're using Sue and you don't stop, you will meet the first part of the claim, but you will never meet that last part of the claim. And so to meet that last part of the claim, they recognize this in their petition. They said, okay, now we have to additionally say there's a situation where you would stop and you would not use Sue at all. And that's pretty anomalous. If you don't know what the data type is in Frantichek and you've got this great system in Sue for finding out what the data type is, why would you want to stop? They need that for their theory. Sure, to optimize it, you would go all the way, and both experts seem to agree with that. But I'm not sure that the case law suggests there has to be a motivation to stop as long as there's a motivation to go at least as far as the descriptor category, which there certainly is. Well, then you don't meet the last limitation, Your Honor. That's the problem. How do you not meet the last limitation? Because to meet the last limitation of the claim, it has to be that no parameter or attribute is identified. And the only way that happens in their combination is if you do not use Sue when Frantichek doesn't have a data type. Does that make sense? If Frantichek does not have a data type but you do use Sue, then you will find a parameter or attribute, always. So their theory, which they set up themselves, requires the stop portion. You're suggesting that the last claim limitation means that you can't have a descriptor? No, Your Honor. It's a default. The last limitation means not only can you not have a descriptor, but you can't have any parameter or attribute that gives you an indication of the data type. It's something that can't be identified, right? The exact limitation says if one or more parameters or attributes of the data are not identified. And I understand, correct me if I'm wrong, that your position is that Sue would always identify the parameters or attributes of the data. Yes, Your Honor, that is correct. And that's not only our position, that's also the appellant's position. They say this in the blue brief, and we discuss it in our brief. We point out that they admit at blue brief 35. I'm sorry, I correct my prior site. Blue brief 35, quote, the redundancy metrics of Sue can always be calculated because they are statistical formulas. And so I'd like to directly address Judge Dyke, your question about whether there's a need for a motivation to stop under the law. That's not the issue, respectfully, in this proceeding. In this appeal, the question is whether there's a requirement under the law to have a motivation that is adequate to create the combination in a way that will meet all of the claim limitations, not just some of them. That's the question. And their motivation to start, if we're going to simplify it that way, gets them to some of the claim limitations. But for them to be able to get to the rest of the claim limitations, they need the motivation to stop. Well, I'm still not clear on why this F limitation is inconsistent with combining Sue with Franacek and stopping with the descriptor category. Your Honor, to get there, you would only have to use Sue when Franacek has a data type. You would have to have a motivation to only do that. No, but that sounds like a motivation to stop. No, Your Honor, that's just a motivation of how you use Sue in combination with Franacek. To get to the claims as a whole, you would have to be motivated to only use Sue when Franacek has a data type and to not use Sue when Franacek lacks a data type. And their expert said, I don't think that's right. I wouldn't do that. I don't think that's motivated. I didn't opine on that. I didn't say that that's what someone would do. And our expert said, yes, people would not think that it's obvious to do that. That doesn't make sense. If you don't know what the data type is, you would want to go and find out what it is if you have a good tool for it. So their theory to meet the claim requires that they provide that motivation, and they don't have evidence of it. And that's the basis for the board's finding is that there is a necessary element of their combination that needs a motivation to meet the claims,  Your Honor, if there are no further questions for me, I will give back the rest of my time. Okay. Thank you. Any other questions of Mr. Garza? Your Honor, you're absolutely right that that would be a motivation to stop. And as this court has repeatedly held, in allied erecting in remutet, which we cite on page 14 of our reply brief, it does not have to be optimal. And it can be an inferior option. And it would still be obvious. And here in light of... Can you explain how it would meet that last claim limitation? I mean, I understand, as a matter of law, it doesn't have to be an optimal combination. But the argument being made is that if you only modify it to a certain point, you're not going to – I mean, if you modify it in view of sue, you're not going to meet the last limitation to claim. So you need to make a further modification of the combined references in order to make sure it meets the last limitation. And if you don't have a reason to modify, it might sound like hindsight. So can you address my concern? I believe I understand that, Your Honor. And it goes back to the statistical redundancies. That's what real time was talking about, is you're always going to be calculating these statistical redundancies. And that's wrong on several fronts. Number one, it doesn't make sense. If you don't have a data type, you're going to stop. You're not going to calculate statistical redundancies, and you're not going to have been calculating the data type. And the reason is in sue itself. As the chart shows on 221.76, it's a cross-reference. You need data type to ever use the statistical redundancy.  Sub F. Why is it in there, Your Honor? It's basically a bifurcated choice. If you don't have the data attribute, then you're going to do default. That basic idea was taught by Franachek. If you don't know the data type, then you're going to do a default. The problem with Franachek, supposedly, is that it just has a data type indicator. So the edit to Franachek is very simple here. It's not anything that's complex. Instead of just the data type indicator, you're going to try to look for the data type of the block and potentially statistical redundancies if you find the data type. If you actually know, if you don't have the indicator, you can still do that. But going back to your question, Your Honor, if you don't have the indicator, you still practice, and you're not going to calculate the statistical redundancies. Number one, because you're not going to do it because it's a waste of time. But number two, because there's nothing associated with it. And the claims, indisputably, require an associated encoder. And it's not just claim one, it's claim 24 too. Claim 24 clearly states that the encoders are associated with. And that was never argued to be any different, claim one and 24. So you have to have an encoder associated with the statistical redundancies. And in the SUE system, there's no encoder associated with the statistical redundancies. You need the data type. If you don't have the data type, you're not going to perform the content-dependent compression. That's prong 1E or 24E. You're going to go to default. That's common sense, and it's right there in SUE that you need to have data type in order to even use these statistical redundancies. So what you're left with here is Frenichek that teaches the heart of the system, and you simply have to add a data descriptor. So is that within the grasp of an ordinary skilled artisan, creativity, and based on prior art teachings? Absolutely. They're just going to add that data type. And the board reached a contrary conclusion by saying, well, your expert said that's not going to be optimal, but it doesn't have to be optimal, number one. And number two, the board reached that conclusion by saying, you're going to incorporate SUE in total, and then you have to tell us how you're going to take it back. But that's not the test for obviousness either. Here it's very clear. All right. All right. Thank you, Mr. Douglas. Thank you. Thank you, Your Honor. This case is submitted.